**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES,**<br>*Plaintiff,*<br><br>v.<br><br>**CARLOS BEZA-GARI,**<br>*Defendant.* | Case No. 09-cr-334-RAM |

**STATUS REPORT**

TO THE HONORABLE RAÚL ARIAS-MARXUACH
CHIEF, UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

Mr. Carlos Beza-Gari, through counsel, submits this status report and requests 60 days to file a sentence reduction motion by July 8, 2025.

### Background and Basis for this Report and Request

Mr. Beza is 58-year-old man from Aguadilla, Puerto Rico. In 2009, he was arrested off the Puerto Rico coast with two others aboard a small motor vessel that was transporting bulk heroin and cocaine. ECF No. 1-2. He was charged with attempting to import the drugs, accepted responsibility, and entered into a government-drafted plea agreement holding him to account for 3-10 kilograms of heroin. ECF No. 93 at 3.

Since the parties were unsure if he was a career offender at the time, the agreement provided alternative recommendations. ECF No. 93 at 3. Either they'd recommend a low-end drug-quantity-based sentence or the government would make no recommendation if he was a career offender.

The court found he was a career offender and sentenced him to a 262-month low-end career offender sentence (*i.e.*, career offender offense level minus 3 acceptance points). ECF No. 116. The sentencing took place after federal parole was abolished and when only the BOP could ask courts for sentence reductions under 18 U.S.C. § 3582(c)(1)(A)(i).

Following *Johnson v. United States*, 576 U.S. 591, 597-602 (2015) (holding the ACCA's residual clause was void for vagueness), the Sentencing Commission removed a residual clause from the career offender guideline. At the time, however, this alone wouldn't have gotten Mr. Beza relief under 28 U.S.C. § 2255 because, it turns out, constitutional vagueness challenges don't work against the guidelines' residual clause. *See Beckles v. United States*, 580 U.S. 256, 268 (2017).[1]

What's more, just as this Court couldn't have used *Johnson* jurisprudence to amend Mr. Beza's sentence, the Court also couldn't apply the Commission's research-driven "drugs-minus-two amendment," which reduced countless sentences and saved huge amounts of taxpayer money.[2] A motion under that amendment was denied due to the career offender designation.

Thus, in intervening years, before the First Step Act of 2018, the Court likely had no procedural vehicle through which to consider whether the changes in career offender law and the drugs-minus-two amendment could synergize with each other and other factors to justify a sentence reduction.

---

[1] While Justice Kennedy concurred in *Beckles*, he noted he didn't believe *Beckles*' ruling was absolute: rather, "[a]s sentencing laws and standards continue to evolve, cases may arise in which the formulation of a sentencing provision leads to a sentence, or a pattern of sentencing, challenged as so arbitrary that it implicates constitutional concerns." 580 U.S. at 270 (Kennedy, J., concurring).

[2] Currently, BOP incarceration costs taxpayers $44,090 per year. Fed. Reg. No. 89-235, 97072 (Dec. 6, 2024).

Based on our preliminary research, Mr. Beza no longer qualifies a career offender. A similarly situated person today, in the same plea agreement, would have received a much, much, much lower sentence recommendation, below even the time he's served already, which now exceeds 15 years, 17 months.

Meanwhile while Chapters 2 and 4 of the guidelines framework underwent dramatic changes, it appears Mr. Beza was left one terrible constant that's remained unchanged: he remains, since at least the time a U.S. probation officer prepared his presentence report in early 2011, infected by the treatable liver condition Hepatitis C. PSR 12 ¶ 41.

Fortunately, Congress in the 2018 First Step Act liberated courts from previously imposed legal provision that enforced finality above all other considerations, endowing them with power to reduce sentences according to wide range of grounds. Based on the above background, we're endeavoring to provide the Court with factual evidence and legal grounds in support of a sentence reduction motion under § 3582(c)(1).

Since our February 27, 2025 appointment, we've consulted with Mr. Beza, we've begun investigation regarding Mr. Beza's current medical treatment/conditions, we've conducted legal research regarding grounds for possible relief, and we've initiated communication with the government aimed at discussing a possible joint resolution.

It is estimated, given the need for further fact investigation, briefing development, and administrative exhaustion, that we can submit motion on Mr. Beza's behalf in 60 days.

**WHEREFORE**, it is respectfully requested that the Court note this Status Report and issue a sentence-reduction-motion due date for July 8, 2025.

**RESPECTFULLY SUBMITTED** on May 9, 2025.

        **RACHEL BRILL**
        Federal Public Defender
        District of Puerto Rico

        **S/KEVIN E. LERMAN**\*
        Assistant Federal Public Defender
        USDC-PR No. G03113
        241 F.D. Roosevelt Ave.
        San Juan, P.R. 00918-2441
        Tel. (787) 281-4922, Fax (787) 281-4899
        E-mail: Kevin_Lerman@fd.org

\* **CERTIFICATION**: I ECF-filed this **STATUS REPORT**, notifying the parties of record.