UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>CARLOS BEZA-GARI,<br>*Defendant.* | Case No. 09-cr-334-RAM |

MOTION REQUESTING LEAVE TO FILE A REPLY

TO THE HONORABLE COURT:

Mr. Carlos Beza-Gari, through undersigned counsel, respectfully requests leave to file a reply to the U.S. Attorney's response to Mr. Beza's sentence-reduction motion.

1. In August, Mr. Beza filed a request that this Court reduce his 2011 drug-importation sentence of 262 months. ECF No. 168.

2. His motion argues that that 262-month sentence—at the low-end of the career offender guideline—is unusually long, especially given the fact that he would not be sentenced as a career offender today.

3. His motion supplies evidence that, with the removal of career offender designation, Mr. Beza would be eligible for application of the drugs-minus-two amendment. The low-end sentence would drop by at least 111 months, almost a decade, to 151 months.

4.  The motion further assesses Mr. Beza's "individualized circumstances" under applicable law.

5.  Last Friday, after studying Mr. Beza's motion for almost three months, the government responded. Its response does not deny that Mr. Beza would no longer be considered a career offender under today's applicable law.

6.  Nevertheless, despite this concession, the government is not able to stipulate to requested reduction for several reasons. First, it presses a legal challenge to U.S.S.G. § 1B1.13(b)(6). While the response appears agnostic as to whether the challenge is foreclosed by circuit precedent, the government includes it to "preserve the issue for further review" should the U.S. Solicitor General allow an appeal in this matter. Resp. 9. Second, the government argues that the roughly ten-year guideline range drop and other evidence showing a likely lower sentence today doesn't amount to a gross disparity under the § 1B1.13. Resp. 11. Finally, the government alleges that—despite the precipitous drop of the guideline range and evidence of Mr. Beza's rehabilitation—statutory sentencing factors still support the existing 262-month sentence. Resp. 13-14.

7.  Given these disagreements along with substantial agreement that Mr. Beza could no longer be labeled a career offender under today's law, a reply is appropriate.

**WHEREFORE,** it is respectfully requested that leave be granted to file a reply by November 14, 2025.

**RESPECTFULLY SUBMITTED.**

**RACHEL BRILL**
Federal Public Defender

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**S/KEVIN E. LERMAN***
Assistant Federal Public Defender
USDC-PR No. 310207
Tel.: (787) 281-4922
Email: Kevin_Lerman@fd.org

* **CERTIFICATION:** I ECF-filed this document on November 4, 2025, notifying the parties, including counsel for the government.